in re noteboom 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-019-CV

IN RE CHARLES M. NOTEBOOM AND RELATORS

CHARLES M. NOTEBOOM, P.C.

AND

NO. 2-03-031-CV

CHARLES M. NOTEBOOM AND

CHARLES M. NOTEBOOM, P.C. APPELLANTS

V.

JAY K. GRAY AND JAY K. GRAY, P.C. APPELLEES

------------

FROM THE 48
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

This original proceeding and direct appeal, originally filed separately, are 

consolidated in the interest of justice and judicial economy.  We begin by addressing the issues presented in the original proceeding.

ORIGINAL PROCEEDING

The relators in this original proceeding, Charles M. Noteboom and Charles M. Noteboom, P.C. (collectively “Noteboom”), seek a writ of mandamus directing the trial court to vacate its order requiring Noteboom to provide discovery and monetary security to the real party in interest, Jay K. Gray and Jay K. Gray, P.C., (collectively “Gray”), during the time the case is abated and pending arbitration under the Texas General Arbitration Act. 
 See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.001-.098 (Vernon Supp. 2003).  We conditionally grant the writ of mandamus.

 A. 
 
General Background

The underlying dispute between the parties involves the division of proceeds from a number of contingent fee contracts in personal injury cases between Noteboom and Gray following the dissolution of their law firm partnership.  Noteboom seeks mandamus relief in connection with the trial court’s order directing him to do two things while the underlying case is abated and pending arbitration:  (1) provide his former partner, Gray, with a list of all pending cases in “which the law firm of Noteboom and Gray, L.L.P. provided services on behalf of the client”; and (2) provide either a monetary sum, or bond approved by the court, to be deposited with the court for “any case on which the law firm of Noteboom and Gray, L.L.P. was at any time a law firm of record” in the amount of the percentage of “30% of all fees of $1,000,000 or less” and “50% of all fees greater than $1,000,000.”
(footnote: 1) 

Noteboom and Gray are former partners in Noteboom & Gray, L.L.P., a Fort Worth area law firm representing primarily plaintiffs in personal injury cases.  During the dissolution of the legal partnership a dispute developed concerning the ownership rights of contingent fees generated in the firm’s cases.  Noteboom filed suit against Gray.  Gray answered and filed a counter-claim against Noteboom.  Because the written Partnership Agreement provided for arbitration under the Texas General Arbitration Act of any controversy involving the construction, conditions, and application of the agreement upon the written request of either of the partners, when Noteboom filed a motion to compel arbitration and abate the proceedings, the trial court entered an order granting that request.
(footnote: 2)  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.021 (requiring the issuance of an order to arbitrate on the application of a party showing an agreement to arbitrate and the opposing party’s refusal to arbitrate).  Neither party contests the abatement order compelling arbitration.  Rather, Noteboom alleges that because the case had been abated, the trial court had no discretion to issue a subsequent order that required him to submit a list of cases and status reports in those cases, and that the trial court failed to afford him due process when it required him to post either money or a security bond for each case resolved while the instant cause is pending arbitration, without allowing him to introduce evidence showing the alleged lack of validity of Gray’s claim. 

B.  Mandamus Requirements

Mandamus is an extraordinary remedy available only in limited circumstances to correct a clear abuse of discretion or the violation of a duty imposed by law when the relator has no adequate remedy by appeal.  
See In re Crow-Billingsley Air Park, Ltd.
, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (citing 
Republican Party of Tex. v. Dietz
, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding)).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.  
See In re Nitla S.A. de C.V.
, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (citing 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986)).  When reviewing matters committed to a trial court’s discretion, an appellate court may not substitute its own judgment for the trial court’s judgment.  
See id. 
 A clear failure by the trial court to analyze the law correctly will constitute an abuse of discretion.  
See Walker v. Packer
, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 

Here, Noteboom has no adequate remedy by appeal because, with respect to the prejudgment monetary security required by the trial court’s order, no legal remedy is available to protect Noteboom from the ongoing monetary resource drain he contends could lead to the inability to meet the necessary and present costs of operating his law firm.  
See S.R.S. World Wheels, Inc. v. Enlow
, 946 S.W.2d 574, 575 (Tex. App—Fort Worth 1997, orig. proceeding) (granting mandamus relief in connection with a prejudgment writ of attachment under which relator had no adequate remedy at law by which to obtain possession of its property).  The trial court specifically held that the order complained of was not a temporary injunction, and it is clear the order was entered instead in an attempt to comply with the bond procedure set forth under the Texas General Arbitration Act.
  Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.086.  Because the order was not a temporary injunction, the avenue of an interlocutory appeal is not available to Noteboom.  
Compare Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001) (“[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.”) 
with
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(4) (“A person may appeal from an interlocutory order of a district court . . . that: . . . grants or refuses a temporary injunction . . . .”).

C.  The Authority Of The Trial Court To Require Security

After The Case Has Been Abated Pending Arbitration

The Texas General Arbitration Act provides that a trial court may require 

security while the case is pending arbitration:

§ 171.086 Orders That May be Rendered

. . . .

(b) During the period an arbitration is pending before the arbitrators or at or after the conclusion of the arbitration, a party may file an application for a court order, including an order:

. . . .

(4) to require security for the satisfaction of a court judgment that may be later entered under an award; 

Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.086.

Noteboom contends the trial court’s order requiring security during the pendency of arbitration should be vacated for a number or reasons, including  his contention that the trial court abused its discretion by issuing the order in violation of Noteboom’s procedural due process rights.  Those violations occurred, according to Noteboom, because the trial court failed to afford him a full hearing at which Noteboom could present evidence that he was likely to be the prevailing party in the dispute.  We agree.  

Although nothing in the Texas General Arbitration Act specifies the procedural safeguards the trial court must undertake to ensure the fairness of the security the court might require of litigants following the filing of an application for security under section 171.086, we hold that the trial court, at a minimum, is required to permit the nonmovant the opportunity at a hearing to introduce evidence addressing the probable validity of the underlying claims.  
See Sniadach v. Family Fin. Corp
., 395 U.S. 337, 338-39, 89 S. Ct. 1820, 1821 (1969) (holding that procedural due process considerations require that the nonmovant in prejudgment garnishment action be given the opportunity to be heard on merits of claim prior to garnishment); 
see also N. Ga. Finishing, Inc. v. Di-Chem, Inc.
, 419 U.S. 601, 606-07, 95 S. Ct. 719, 722-23 (1975) (holding no distinction exists between constitutional safeguards involving prejudgment garnishment and prejudgment security bonds, nor between rights applicable to corporations deprived of bank accounts and individuals deprived of household necessities).  Here, the record reflects the trial court was attempting the admirable goal of safeguarding sufficient assets necessary to satisfy any future money award on final judgment of the case; however, by refusing to permit Noteboom the opportunity to introduce evidence concerning the merits of the claims prior to the trial court’s setting of the bond amount, the trial court failed to afford Noteboom the procedural due process to which he was entitled.
(footnote: 3)
 Because we grant Noteboom conditional relief on this issue, we need not address the remaining issues on which he seeks to vacate the trial court’s order setting bond.  In addition, because both Noteboom and Gray agreed during their oral presentations to this court that Noteboom has fully complied with the remaining portion of the order directing that he furnish Gray a status report listing all pending cases in his possession for which Noteboom & Gray, L.L.P. was the law firm of record, and further agree that Noteboom’s complaint on this subject in this original proceeding is now moot, we hold that the complaint relating to that portion of the order is moot.

D. Conclusion As To Mandamus

We hold that the trial court abused its discretion when it required  Noteboom to deposit either a monetary amount into the registry of the court, or post an equivalent bond in each case resolved during arbitration without affording Noteboom the opportunity to present evidence on the question of the validity of the underlying claims.  A writ of mandamus will issue only if the trial court fails to vacate that portion of its order.  All other relief requested by Noteboom in this original proceeding is denied.

NOTEBOOM’S DIRECT APPEAL

Noteboom’s direct appeal presents similar issues and is premised on the 

possibility that the relief requested in his original proceeding might be rejected 

by us on the ground the trial court’s order constituted a temporary injunction 

for which he had an adequate remedy by appeal, i.e., his ability to obtain relief 

by interlocutory appeal.  Gray’s brief in this appeal expressly requests that this court dismiss the appeal for want of jurisdiction because the trial court’s order is not a temporary injunction and is therefore not appealable.  As noted above, we have determined that the trial court’s order was not a temporary injunction and we have conditionally granted mandamus relief after determining, in part, that Noteboom has no adequate remedy by appeal.  Because the trial court’s order did not constitute a temporary injunction, and the judgment is not final, we are without jurisdiction to consider the merits of the appeal.  The appeal is dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a).

DAVID L. RICHARDS

JUSTICE

PANEL M: WILLIAM J. CORNELIUS and JOHN T. BOYD, JJ. (Retired, Sitting by Assignment); and DAVID L. RICHARDS, J. (Sitting by Assignment).

DELIVERED:  July 3, 2003

FOOTNOTES
1:
The order placed similar requirements on Gray, but they are not challenged in this action.

2:
The Partnership Agreement provides:

16.06 
Arbitration.
  As concluded by the Partners on the advice of counsel, and as evidenced by the signatures of the Partners and the signatures of their respective attorneys, any controversy between the Partners involved in the construction or application of any of the terms, covenants or conditions of this agreement, shall, on the written request of one of the Partners served upon the Partnership or upon the other Partners, be submitted to arbitration, and such arbitration shall comply with and be governed by the provisions of the Texas General Arbitration Act, Articles 224 through 238-6 of The Revised Civil Statutes of Texas.  In the event of arbitration at a time when there are only two Partners in the Partnership, one Partner shall appoint one arbitrator, the other Partner shall appoint one arbitrator and the two arbitrators thus selected shall appoint a third arbitrator.  A majority decision of the three arbitrators shall be sufficient to decide any dispute.

3:
During the hearing on the issue of security, the trial court admonished  Noteboom’s counsel when he attempted to go into the merits of the case and stated that for purposes of determining the issue of what security each side should provide the court would “start out with the position that all the files that were in existence at the time of the event [the breakup of Noteboom & Gray, L.L.P.] were assets of Noteboom & Gray, whether they presently are in the hands of Mr. Gray or whether they’re presently in the hands of Mr. Noteboom.”  The position Noteboom’s counsel was attempting to advance through evidence was that any proceeds of the files taken by Gray actually belonged to Noteboom.  The court subsequently stated “And so I’m going to stop Mr. Foster [Noteboom’s counsel] from asking Mr. Gray money number figures or legal position figures. So let’s stop that line of questioning.”