IN RE GRAY LAW, L.L.P.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-379-CV

IN RE GRAY LAW, L.L.P. RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jay Gray, one of the partners in the two-man law firm Gray Law, L.L.P., is in the midst of a divorce. 
 
Relator Gray Law, L.L.P. seeks mandamus relief from the trial court’s order depositing proceeds from the sale of Gray Law’s real property into the court’s registry.  Because the trial court 
has improperly exercised control over property that is not part of the marital estate
, we conditionally grant the writ of mandamus.

I.  FACTUAL BACKGROUND

Jay Gray is managing partner of relator Gray Law, L.L.P., a Texas limited liability partnership that officed in a building located at 2419 Highway 121 in Bedford.  The divorce proceedings between Jay Gray and his wife, real party in interest Katheryn Ann Gray, have been pending since March 28, 2002.  Three years after the suit was filed, Jay and Katheryn signed a handwritten Rule 11 agreement that stated, “James Handy appointed receiver to sale [sic] building and lot.”
(footnote: 2)  The name of Gray Law, L.L.P. does not 
appear anywhere in the Rule 11 agreement, and nothing indicates that Jay Gray was signing the agreement on behalf of the law firm or in any capacity other than his individual capacity.  The trial court then signed an order on April 13, 2005, 
placing “the real property located at 2419 Highway 121, Bedford, Tarrant County, Texas” in the custody of the court and appointing James Handy as receiver.

On June 21, 2005, the trial court held a hearing to confirm the receiver’s request to approve a contract for sale of the property.  At this hearing, the receiver informed the court that his title search revealed that Gray Law, not Jay Gray, held title to the property.  An attorney representing John R. Howie, Jr., the other partner in Gray Law, attended the hearing and informed the court that Howie had no objection to the contract or the sales price.  However, Jay Gray told the court that he had signed the Rule 11 agreement under the mistaken belief that he, not Gray Law, owned the property.  He argued that because the property belonged to Gray Law, not to him individually, the property was not part of the community estate.  Jay also pointed out that Gray Law had not been served with a petition naming it as a party to the suit and, thus, was not before the court at the time the trial court ordered the appointment of a receiver to sell the property.  The trial court nevertheless granted the receiver’s request to confirm the contract for sale of the property and ordered the proceeds to be deposited into the court’s registry. 

Immediately after the hearing, the court’s bailiff served Jay, as agent of Gray Law, with Katheryn’s amended petition naming Gray Law as a party to the divorce proceeding.  The trial court then signed an amended order appointing receiver that named Gray Law as a party to the suit and an order confirming sale of real property that also included Gray Law as a party.

After completion of the sale, the trial court held a hearing on September 13, 2005, on the receiver’s motion to approve the final sale report.  Jay objected on behalf of Gray Law to the court’s placing the sale proceeds into the court’s registry, arguing that Gray Law needed the funds “to continue to operate and to pay its debt and things of that nature to continue its business.  Without those funds, it can no longer operate.”  Despite Gray Law’s objections, the trial court granted the receiver’s motion and again ordered the sale proceeds to be placed into the court’s registry.

II.  DISCUSSION

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 

A.  Adequate Remedy

Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate remedy by appeal.  
In re Van Waters & Rogers, Inc.
,145 S.W.3d 203, 210-11 (Tex. 2004) (orig. proceeding) (citing 
Walker, 
827 S.W.2d at 839).  Determining whether an appeal is an adequate remedy requires the careful balance of jurisprudential considerations.  
In re Prudential Ins. Co. of Am.
, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments.  
Id.
  When the benefits outweigh the detriments, we must conduct further analysis.  
Id.  
Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented.  
Id
. at 137. 

Gray Law contends, as it did in the trial court, that it needs the proceeds from the sale of its property to continue to operate, pay its debts, and stay in business.  Further, Jay Gray averred in this proceeding that, due to the trial court’s order, Gray Law is left with no operating funds to locate and lease a new office or to prosecute any cases; consequently, Jay has no means to earn money to support his child.  In this situation, no legal remedy other than mandamus is available to relieve Gray Law from the monetary constraints imposed by the trial court’s order that Gray Law contends have led to its inability to satisfy the financial requirements of operating its business.
(footnote: 3)  
See In re Noteboom
, 111 S.W.3d 794, 797 (Tex. App.—Fort Worth 2003, orig. proceeding) (holding that law firm partner had no adequate remedy by appeal from the trial court’s order requiring him to deposit with the court
 a percentage of fees earned by the firm; partner claimed that the “monetary resource drain” imposed by the 
order “could lead to the inability to meet the necessary and present costs of operating his law firm”).  Furthermore, considering the negative effects that the monetary constraints could have on the value of the partnership interest (that is allegedly part of the community estate) and the support of the divorcing parties’ minor child, we conclude that the benefits to mandamus review outweigh any detriments under the circumstances of this case.  
See Prudential
, 148 S.W.3d at 136-37.

We are unpersuaded by Katheryn’s argument that Gray Law’s request for mandamus relief is premature and that Gray Law has waived its complaint about placing the funds in the trial court’s registry because Gray Law never requested the trial court to distribute the funds.  On the contrary, after Gray Law was served with Katheryn’s amended petition naming it as a party to the lawsuit, it appeared at the very next hearing on the sale of the property and objected to the trial court’s placing the sale proceeds in the court’s registry.  Speaking on behalf of Gray Law, Jay Gray specifically told the court, “We believe that those funds should be disbursed to Gray Law Partnership immediately.”  Nevertheless, at the conclusion of the hearing, the trial court ordered the funds to be placed in the registry of the court.

A party’s right to mandamus relief generally requires a predicate request for some action and a refusal of that request.  However, this requirement is excused when “the request would have been futile and the refusal little more than a formality.”  
In re Perritt
, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding).  Here, Gray Law already had informed the court of its need for the sale proceeds and had asked the court (via its objection) not to place the funds in the court’s registry.  
The court refused.  Had Gray Law then presented a motion to the trial court to release the funds, it would have made the same arguments that had already been raised—and rejected—by the court.  Accordingly, yet another request in the form of a motion was not necessary to preserve Gray Law’s right to mandamus relief.  
See id.
 (holding that relators were not required to raise the same objection that their co-defendants had already made, and the trial court had already overruled, to be entitled to mandamus relief).

B.  Abuse of Discretion

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Walker
, 827 S.W.2d at 839.  A trial court has no discretion in determining what the law is or in applying the law to the facts.  
Id. 
at 840.  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.  
Id.

In the trial court’s order appointing the receiver, which led to the sale of Gray Law’s building 
and the trial court’s ordering the proceeds to be placed into the court’s registry, the court specifically found that “there is a necessity to preserve, protect and partition the homestead real property of the parties”; thus, it placed the property in the registry of the court and appointed a receiver “to protect and sell the property.”  Under section 6.502 of the Texas Family Code, the trial court may render an appropriate order for the preservation of marital property and protection of the parties as deemed necessary and equitable during the pendency of a divorce.  
Tex. Fam. Code Ann.
 § 6.502(a)(5) (Vernon Supp. 2005).  However, in this case, the trial court ordered money to be placed in its registry that was derived from the sale of property owned by a third party, Gray Law, not from property owned by the marital estate
.  Gray Law argues in its first of three issues that the trial court abused its discretion 
by taking the proceeds from the sale of Gray Law’s property because no legal authority exists permitting the trial court in a divorce proceeding to exercise control over property that is not part of the community estate.
  We agree.

In a divorce, the trial court may award a non-partner spouse an interest in the partnership if that partnership interest is community property.  
See Lifshutz v. Lifshutz
, 61 S.W.3d 511, 518 (Tex. App.—San Antonio 2001, pet. denied).  The court may not, however, award specific partnership assets to the non-partner spouse because partnership property belongs to the partnership itself, not to any partner individually.  
See 
Tex. Rev. Civ. Stat. Ann.
 art. 6132b-2.04 (Vernon Supp. 2005) (“Partnership property is not property of the partners.  Neither a partner nor a partner’s spouse has an interest in partnership property.”);
 McKnight v. McKnight
, 543 S.W.2d 863, 867-68 (Tex. 1976) (affirming that “the rights of a divorcing spouse can only attach to the husband’s interest in the partnership and not specific partnership property”); 
see also 
Tex. Rev. Civ. Stat. Ann.
 art. 6132b-5.01 cmt. (Vernon Supp. 2005) 
(stating that “a partner’s spouse has no community property right in partnership property”).  Therefore, the trial court had no authority to treat the partnership’s property as marital property by depositing the sale proceeds into the court’s registry.  

We are unpersuaded by Katheryn’s argument that the trial court had inherent authority to direct the funds to be deposited into the court’s registry because the character of the property is disputed.  The record contains no evidence that the partnership, Gray Law, has been dissolved.  The partnership owned the building, and because the partnership still exists, it now also owns the proceeds from the sale of that building.  Partnership interest is distinct from partnership property; the possibility that the partnership may distribute funds to Jay Gray in the future does not change the fact that presently the sale proceeds belong to the partnership, not the community estate.
(footnote: 4) 

As Gray Law points out, if the trial court had appointed a receiver over Jay’s partnership interest instead of cutting off Gray Law’s access to the sale proceeds entirely, the partnership would have been able to use the funds to operate and pay its debts.  
See, e.g., Norem v. Norem
, 105 S.W.3d 213, 217 (Tex. App.—Dallas 2003, no pet.) (affirming trial court’s order appointing a receiver over community-property shares of corporate stock but reversing that part of the order giving the receiver more powers over the corporation than those of a shareholder).  In this manner, the receiver could have protected the value of the partnership interest (that allegedly is community property) by preventing the partners from taking any action that would devalue the partnership’s worth.  Katheryn argues that the trial court cannot be faulted for failing to appoint a receiver because Gray Law never asked it to do so.  However, the trial court does not have to wait for a motion to appoint a receiver—it could have appointed one on its own motion, and it may still do so.  
See
 
Tex. Fam. Code Ann.
 § 6.502(a)(5).

III.  CONCLUSION

Having concluded that the trial court abused its discretion in placing partnership property that was not part of the community estate into the registry of the court, we need not reach Gray Law’s remaining arguments for mandamus relief.
(footnote: 5)  We conditionally grant Gray Law’s petition for writ of mandamus and order the trial court to enter appropriate orders for disbursing the funds at issue 
in accordance with this opinion.  A writ will issue only if the court fails to do so.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:
 
April 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The parties do not dispute that this Rule 11 agreement pertains to Gray Law’s office on Highway 121.  

3:
If the trial court’s order is a temporary injunction, as Gray Law argues, then Gray Law has a legal remedy available to it in the form of an interlocutory appeal.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(4) (Vernon Supp. 2005) (authorizing appeal from an interlocutory order that grants or refuses a temporary injunction).  However, we decline to construe the order as a temporary injunction because it does not restrain Gray Law from taking any action; it merely approves the receiver’s final sale report, discharges the receiver from further responsibility, and orders the sale proceeds to be distributed “by agreement of the parties or order of the Court.”  
See Qwest Commc’ns Corp. v. AT & T Corp
., 24 S.W.3d 334, 336 (Tex. 2000) (stating that a function of injunctive relief is to restrain motion and to enforce inaction).

4:
Katheryn also argues that the disposition of the proceeds is disputed. This argument is unsupported by the record.  The record reveals only that the other partner in Gray Law did not oppose the trial court’s placing the money into the court’s registry, not that he or anyone else was asserting that the proceeds were anything other than partnership property or that the partnership had no claim to the proceeds.

5:
See
 
Tex. R. App. P.
 47.1.