COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-05-379-CV

 

 

IN RE GRAY LAW, L.L.P.                                                         RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

MEMORANDUM OPINION[1]

 

------------

Jay
Gray, one of the partners in the two-man law firm Gray Law, L.L.P., is in the
midst of a divorce.  Relator Gray Law,
L.L.P. seeks mandamus relief from the trial court=s order depositing
proceeds from the sale of Gray Law=s real property
into the court=s registry.  Because the trial court has
improperly exercised control over property that is not part of the marital
estate,
we conditionally grant the writ of mandamus.

 








I.  FACTUAL BACKGROUND

Jay Gray is
managing partner of relator Gray Law, L.L.P., a Texas limited liability
partnership that officed in a building located at 2419 Highway 121 in
Bedford.  The divorce proceedings between
Jay Gray and his wife, real party in interest Katheryn Ann Gray, have been
pending since March 28, 2002.  Three
years after the suit was filed, Jay and Katheryn signed a handwritten Rule 11
agreement that stated, AJames Handy appointed receiver to sale
[sic] building and lot.@[2]  The name of Gray Law, L.L.P. does not appear
anywhere in the Rule 11 agreement, and nothing indicates that Jay Gray was
signing the agreement on behalf of the law firm or in any capacity other than
his individual capacity.  The trial court
then signed an order on April 13, 2005, placing Athe real property
located at 2419 Highway 121, Bedford, Tarrant County, Texas@ in the custody of
the court and appointing James Handy as receiver.








On June 21, 2005,
the trial court held a hearing to confirm the receiver=s request to
approve a contract for sale of the property. 
At this hearing, the receiver informed the court that his title search
revealed that Gray Law, not Jay Gray, held title to the property.  An attorney representing John R. Howie, Jr.,
the other partner in Gray Law, attended the hearing and informed the court that
Howie had no objection to the contract or the sales price.  However, Jay Gray told the court that he had
signed the Rule 11 agreement under the mistaken belief that he, not Gray Law,
owned the property.  He argued that
because the property belonged to Gray Law, not to him individually, the
property was not part of the community estate. 
Jay also pointed out that Gray Law had not been served with a petition
naming it as a party to the suit and, thus, was not before the court at the
time the trial court ordered the appointment of a receiver to sell the
property.  The trial court nevertheless
granted the receiver=s request to confirm the contract for sale
of the property and ordered the proceeds to be deposited into the court=s registry. 

Immediately after
the hearing, the court=s bailiff served Jay, as agent of Gray
Law, with Katheryn=s amended petition naming Gray Law as a
party to the divorce proceeding.  The trial
court then signed an amended order appointing receiver that named Gray Law as a
party to the suit and an order confirming sale of real property that also
included Gray Law as a party.








After completion
of the sale, the trial court held a hearing on September 13, 2005, on the
receiver=s motion to
approve the final sale report.  Jay
objected on behalf of Gray Law to the court=s placing the sale
proceeds into the court=s registry, arguing that Gray Law needed
the funds Ato continue to operate and to pay its debt
and things of that nature to continue its business.  Without those funds, it can no longer
operate.@  Despite Gray Law=s objections, the
trial court granted the receiver=s motion and again
ordered the sale proceeds to be placed into the court=s registry.

II.  DISCUSSION

Mandamus
will issue only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding). 

A.  Adequate Remedy

Absent
extraordinary circumstances, mandamus will not issue unless relator lacks an
adequate remedy by appeal.  In re Van
Waters & Rogers, Inc.,145 S.W.3d 203, 210-11 (Tex. 2004) (orig.
proceeding) (citing Walker, 827 S.W.2d at 839).  Determining whether an appeal is an adequate
remedy requires the careful balance of jurisprudential considerations.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  An appellate remedy is adequate when any
benefits to mandamus review are outweighed by the detriments.  Id. 
When the benefits outweigh the detriments, we must conduct further
analysis.  Id.  Whether an appellate remedy is adequate
so as to preclude mandamus review depends heavily on the circumstances
presented.  Id. at 137. 

 













Gray Law
contends, as it did in the trial court, that it needs the proceeds from the
sale of its property to continue to operate, pay its debts, and stay in
business.  Further, Jay Gray averred in
this proceeding that, due to the trial court=s order,
Gray Law is left with no operating funds to locate and lease a new office or to
prosecute any cases; consequently, Jay has no means to earn money to support
his child.  In this situation, no legal
remedy other than mandamus is available to relieve Gray Law from the monetary
constraints imposed by the trial court=s order
that Gray Law contends have led to its inability to satisfy the financial
requirements of operating its business.[3]  See In re Noteboom, 111 S.W.3d 794,
797 (Tex. App.CFort Worth 2003, orig.
proceeding) (holding that law firm partner had no adequate remedy by appeal
from the trial court=s order requiring him to deposit
with the court a percentage of fees earned by the firm; partner claimed that the
Amonetary
resource drain@ imposed by the order Acould
lead to the inability to meet the necessary and present costs of operating his
law firm@).  Furthermore, considering the negative effects
that the monetary constraints could have on the value of the partnership
interest (that is allegedly part of the community estate) and the support of
the divorcing parties= minor child, we conclude that
the benefits to mandamus review outweigh any detriments under the circumstances
of this case.  See Prudential, 148
S.W.3d at 136-37.

We are
unpersuaded by Katheryn=s argument that Gray Law=s
request for mandamus relief is premature and that Gray Law has waived its
complaint about placing the funds in the trial court=s
registry because Gray Law never requested the trial court to distribute the
funds.  On the contrary, after Gray Law
was served with Katheryn=s amended petition naming it as
a party to the lawsuit, it appeared at the very next hearing on the sale of the
property and objected to the trial court=s
placing the sale proceeds in the court=s
registry.  Speaking on behalf of Gray
Law, Jay Gray specifically told the court, AWe
believe that those funds should be disbursed to Gray Law Partnership
immediately.@ 
Nevertheless, at the conclusion of the hearing, the trial court ordered
the funds to be placed in the registry of the court.








A party=s right
to mandamus relief generally requires a predicate request for some action and a
refusal of that request.  However, this
requirement is excused when Athe
request would have been futile and the refusal little more than a formality.@  In re Perritt, 992 S.W.2d 444, 446
(Tex. 1999) (orig. proceeding).  Here, Gray
Law already had informed the court of its need for the sale proceeds and had
asked the court (via its objection) not to place the funds in the court=s
registry.  The court refused.  Had Gray Law then presented a motion to the
trial court to release the funds, it would have made the same arguments that
had already been raisedCand rejectedCby the
court.  Accordingly, yet another request
in the form of a motion was not necessary to preserve Gray Law=s right
to mandamus relief.  See id.
(holding that relators were not required to raise the same objection that their
co-defendants had already made, and the trial court had already overruled, to
be entitled to mandamus relief).

B.  Abuse of Discretion

A trial
court clearly abuses its discretion when it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.  Walker, 827 S.W.2d at 839.  A trial court has no discretion in
determining what the law is or in applying the law to the facts.  Id. at 840.  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion and
may result in mandamus.  Id.

 








In the trial court=s order appointing
the receiver, which led to the sale of Gray Law=s building and the
trial court=s ordering the proceeds to be placed into
the court=s registry, the court specifically found
that Athere is a
necessity to preserve, protect and partition the homestead real property of the
parties@; thus, it placed
the property in the registry of the court and appointed a receiver Ato protect and
sell the property.@ 
Under section 6.502 of the Texas Family Code, the trial court may render
an appropriate order for the preservation of marital property and protection of
the parties as deemed necessary and equitable during the pendency of a divorce.  Tex.
Fam. Code Ann. ' 6.502(a)(5) (Vernon Supp. 2005).  However, in this case, the trial court
ordered money to be placed in its registry that was derived from the sale of
property owned by a third party, Gray Law, not from property owned by the
marital estate.  Gray Law argues in its
first of three issues that the trial court abused its discretion by
taking the proceeds from the sale of Gray Law=s
property because no legal authority exists permitting the trial court in a
divorce proceeding to exercise control over property that is not part of the
community estate.  We agree.








In a divorce, the
trial court may award a non-partner spouse an interest in the partnership if
that partnership interest is community property.  See Lifshutz v. Lifshutz, 61 S.W.3d
511, 518 (Tex. App.CSan Antonio 2001, pet. denied).  The court may not, however, award specific
partnership assets to the non-partner spouse because partnership property
belongs to the partnership itself, not to any partner individually.  See Tex.
Rev. Civ. Stat. Ann. art. 6132b-2.04 (Vernon Supp. 2005) (APartnership
property is not property of the partners. 
Neither a partner nor a partner=s spouse has an
interest in partnership property.@); McKnight v.
McKnight, 543 S.W.2d 863, 867-68 (Tex. 1976) (affirming that Athe rights of a
divorcing spouse can only attach to the husband=s interest in the
partnership and not specific partnership property@); see also Tex. Rev. Civ. Stat. Ann. art. 6132b‑5.01
cmt. (Vernon Supp. 2005) (stating that Aa partner=s spouse has no
community property right in partnership property@).  Therefore, the trial court had no authority
to treat the partnership=s property as marital property by depositing
the sale proceeds into the court=s registry.  








We are
unpersuaded by Katheryn=s argument that the trial court
had inherent authority to direct the funds to be deposited into the court=s
registry because the character of the property is disputed.  The record contains no evidence that the
partnership, Gray Law, has been dissolved. 
The partnership owned the building, and because the partnership still
exists, it now also owns the proceeds from the sale of that building.  Partnership interest is distinct from
partnership property; the possibility that the partnership may distribute funds
to Jay Gray in the future does not change the fact that presently the sale
proceeds belong to the partnership, not the community estate.[4]


As Gray
Law points out, if the trial court had appointed a receiver over Jay=s
partnership interest instead of cutting off Gray Law=s access
to the sale proceeds entirely, the partnership would have been able to use the
funds to operate and pay its debts.  See,
e.g., Norem v. Norem, 105 S.W.3d 213, 217 (Tex. App.CDallas
2003, no pet.) (affirming trial court=s order
appointing a receiver over community-property shares of corporate stock but
reversing that part of the order giving the receiver more powers over the
corporation than those of a shareholder). 
In this manner, the receiver could have protected the value of the
partnership interest (that allegedly is community property) by preventing the
partners from taking any action that would devalue the partnership=s
worth.  Katheryn argues that the trial
court cannot be faulted for failing to appoint a receiver because Gray Law
never asked it to do so.  However, the
trial court does not have to wait for a motion to appoint a receiverCit could
have appointed one on its own motion, and it may still do so.  See Tex.
Fam. Code Ann. ' 6.502(a)(5).








III.  CONCLUSION

Having
concluded that the trial court abused its discretion in placing partnership
property that was not part of the community estate into the registry of the
court, we need not reach Gray Law=s remaining
arguments for mandamus relief.[5]  We conditionally grant Gray Law=s
petition for writ of mandamus and order the trial court to enter appropriate
orders for disbursing the funds at issue in accordance with this opinion.  A writ will issue only if the court fails to
do so.

 

 

BOB MCCOY

JUSTICE

 

PANEL A:
CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED: April 20, 2006











[1]See Tex. R. App. P.
47.4.





[2]The parties do not dispute that
this Rule 11 agreement pertains to Gray Law=s office on Highway 121. 






[3]If the trial court=s order is a temporary injunction, as Gray Law argues,
then Gray Law has a legal remedy available to it in the form of an
interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(4) (Vernon Supp. 2005) (authorizing appeal from an interlocutory
order that grants or refuses a temporary injunction).  However, we decline to construe the order as a
temporary injunction because it does not restrain Gray Law from taking any
action; it merely approves the receiver=s final sale report, discharges the receiver from
further responsibility, and orders the sale proceeds to be distributed Aby
agreement of the parties or order of the Court.@  See Qwest
Commc=ns Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000) (stating that a
function of injunctive relief is to restrain motion and to enforce inaction).





[4]Katheryn also argues that
the disposition of the proceeds is disputed. This argument is unsupported by
the record.  The record reveals only that
the other partner in Gray Law did not oppose the trial court=s placing the money into
the court=s registry, not that he
or anyone else was asserting that the proceeds were anything other than
partnership property or that the partnership had no claim to the proceeds.





[5]See Tex. R. App. P. 47.1.