

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00196-CV
_____

IN RE RT SONCY PARTNERSHIP, LTD., RT SONCY
MANAGEMENT, LLC, AND CORY STRICKLAND, RELATORS

ORIGINAL PROCEEDING

May 29, 2014

ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

RT Soncy Partnership, Ltd., RT Soncy Management, LLC, and Cory Strickland (collectively referred to as Soncy) petitioned this court for a writ of mandamus. They ask that we order the Honorable Don Emerson, 320th District Court judge (the district court) to vacate an order directing that approximately $46,924 be deposited by them into the court's registry. The underlying dispute involves a suit by Charles and Sara Lovett against Soncy to recover their share of the proceeds from a sale of realty. The Lovetts moved the district court to order that their share should be deposited into the court's registry to prevent its disposition elsewhere by Soncy. The latter contended that

the trial court could not do that since the suit had to be abated and the dispute resolved via arbitration. The trial court ordered that the sum be deposited into its registry and, once that was done, the cause be abated for arbitration. Soncy now argues that the decision constituted an instance of abused discretion. We conditionally grant the writ of mandamus.

Because mandamus is an extraordinary remedy available only in limited circumstances, its issuance is dependent upon the relator illustrating that 1) the trial court clearly abused its discretion or the violation of a duty imposed by law and 2) there exists no adequate remedy by appeal. *See In re Crow-Billingsley Air Park, Ltd.,* 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles*. See In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam) (citing *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985)).

As previously mentioned, Soncy contends that the trial court abused its discretion in ordering that the monies be deposited into its registry because "there [was] a material danger that the fund in controversy will be lost or depleted." This was allegedly so because no evidence supported the decision and the trial court lacked the jurisdiction to enter the order since the dispute was subject to arbitration.

Regarding the jurisdictional matter, statute provides that "[b]efore arbitration proceedings begin, in support of arbitration a party may file an application for a court order, including an order to . . . invoke the jurisdiction of the court over an ancillary proceeding in rem, including by attachment, garnishment, or sequestration, in the

2

manner and subject to the conditions under which the proceeding may be instituted and conducted ancillary to a civil action in a district court" and to "obtain other relief, which the court can grant in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the arbitration." TEX. CIV. PRAC. & REM. CODE ANN. § 171.086(a)(2), (6) (West 2011). Given this statute, the obligation to arbitrate does not divest the trial court of the authority or jurisdiction to consider requests, like that at bar, to protect funds from depletion pending arbitration and otherwise permit arbitration to continue in an orderly manner.

As for the remaining matter, where the record is devoid of evidence "that funds are actually in danger of being lost or depleted," a trial court abuses its discretion by ordering them paid into the court's registry. *N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 179-80 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Here, a hearing was convened at which the litigants, through their respective legal counsel, proffered argument to the district court. Aside from that argument, though, the record fails to illustrate that anyone offered or the trial court received evidence supporting the argument. Thus, the decision to order the deposit constituted an abuse of discretion.

Furthermore, writs and orders issued to aid judgment creditors in collecting on their judgments generally are not appealable. *See Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), *abrogated on other grounds*, *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004) (orig. proceeding); *see also In re Noteboom*, 111 S.W.3d 794 (Tex. App.—Fort Worth 2003, orig. proceeding) (holding that the law firm partner had no adequate remedy by appeal from the trial

court's order requiring him to deposit, with the court, a percentage of fees earned). Consequently, Soncy lacks an adequate legal remedy.

In sum, the elements for issuing a writ of mandamus were established here. We, therefore, conditionally grant Soncy's petition for writ of mandamus and direct the Honorable Don Emerson of the 320th Judicial District to vacate its order dated September 10, 2013, in which it directed the relators to "pay into the registry of the Court . . . the sum of $46,924.81." We are confident that the district court will comply with this directive, and we direct the Clerk of this Court to issue the writ only in the event the district court fails to do so within thirty days.

Brian Quinn
Chief Justice

4