

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00166-CV

_____

EMILY KIETH, Appellant

V.

SUMMER WILKES, AS NEXT FRIEND OF D.V.W., Appellee

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV23-1932

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Emily Kieth seeks to appeal the trial court's order (the Order) denying her "Motion for Extension of Time to File TCPA Motion" (the Motion for Extension). Appellee Summer Wilkes, as next friend of D.V.W., filed a motion to dismiss Kieth's appeal for want of jurisdiction. We will grant Wilkes's motion to dismiss, dismiss Kieth's appeal for want of jurisdiction, and deny Kieth any alternatively pleaded mandamus relief.

## II. BACKGROUND

Wilkes sued Kieth for defamation, and Kieth was served with the lawsuit on November 7, 2023. Kieth filed an answer to the lawsuit on December 12, 2023. On February 27, 2024, Kieth filed the Motion for Extension. Kieth was represented by different counsel when she filed the Motion for Extension from when she answered Wilkes's lawsuit. In the Motion for Extension, Kieth argued that good cause existed to extend her deadline to file a motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b) (requiring a TCPA motion to dismiss to be filed "not later than the 60th day after the date of service of the legal action" and allowing a court to extend the time to file a TCPA motion to dismiss "on a showing of good cause"). Specifically, Kieth argued that her prior counsel had made a mistake by not timely filing a TCPA motion to dismiss, that her prior counsel had "not [been] competent" to represent her in a

2

defamation suit, and that Wilkes's lawsuit "chills speech." On March 25, 2024, the trial court denied Kieth's Motion for Extension.[1]

Kieth later filed her notice of appeal of the Order. On April 17, 2024, we notified Kieth by letter of our concern that we lacked jurisdiction over this appeal because the order did not appear to be a final judgment or appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001) (holding that, generally, appeals may be taken only from final judgments or interlocutory orders authorized by statute). We informed Kieth that unless she or any party filed a response showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. The day after we sent our letter, Wilkes filed her motion to dismiss for want of jurisdiction, echoing the concerns from our letter. Kieth filed a response to our letter and to Wilkes's motion to dismiss.

### III. DISCUSSION

We consider the three bases for jurisdiction argued by Kieth in her response to our letter and to Wilkes's motion to dismiss: (1) that statutory law provides a basis for our jurisdiction; (2) that case law provides a basis for our jurisdiction; and (3) to the extent that statutory law and case law do not provide a basis for our jurisdiction, her appeal should be construed as a mandamus action, giving us original jurisdiction.

---

[1]On April 3, 2024, Kieth filed a motion for a permissive interlocutory appeal from the Order. *See id.* § 51.014(d). That motion was denied by the trial court.

As to the statutory basis for our jurisdiction, Kieth points to Sections 27.008(a), (b) and 51.014(a)(12) of the Texas Civil Practice and Remedies Code. Section 27.008(a) provides, "If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a); *see id.* §§ 27.003, .005. Section 27.008(b) provides, "An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." *Id.* § 27.008(b); *see id.* §§ 27.003, .005. Section 51.014(a)(12) provides that a person may appeal from an interlocutory order that "denies a motion to dismiss filed under Section 27.003." *Id.* § 51.014(a)(12); *see id.* § 27.003.

We construe a statute to implement the legislature's intent as expressed in the statute's plain language, and we presume that the legislature intended each word to be given effect. *See Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). We consider a statute's words in context and construe them according to the rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011(a).

Through a tortured reading of Sections 27.008(a), (b) and 51.014(a)(12), Kieth argues that those statutes provide us with jurisdiction to review a trial court's denial of a motion to extend the deadline to file a TCPA motion to dismiss. We hold that the

4

statutes do no such thing.  Each of the statutes plainly refers to a TCPA "motion to dismiss"—not to a motion to extend the deadline to file a TCPA motion to dismiss. If the legislature had desired to extend our appellate jurisdiction to the review of an order denying a motion to extend the deadline to file a TCPA motion to dismiss, it could have done so.[2]  *See Pavecon, Inc. v. R-Com, Inc.*, 159 S.W.3d 219, 225 (Tex. App.—Fort Worth 2005, no pet.) (applying rule of construction to different statute and noting that, "[i]f the legislature had desired to place the filing requirement on the surety, it easily could have done so").  We thus reject Kieth's argument that there is a statutory basis for our jurisdiction over this appeal.[3]

As to the case-law basis for our jurisdiction, Kieth points to a number of cases standing for the proposition that it is the character and function of an order—rather than the form of the order—that determines its classification.  *See, e.g., Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809–10 (Tex. 1992) ("We reject the notion that

---

[2]Pointing to Section 27.011(b), Kieth argues that the "TCPA requires a liberal construction in the case of ambiguities."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b) (providing that "[t]his chapter shall be construed liberally to effectuate its purpose and intent fully").  But the statutes are not ambiguous, and even a liberal construction of Sections 27.008(a), (b) and 51.014(a)(12) cannot change the plain meaning of the unambiguous phrase "motion to dismiss."  *See id.* §§ 27.008(a), (b), 51.014(a)(12).

[3]Kieth also argues that the trial court's denial of the Motion for Extension "operates as a denial of a TCPA motion by operation of law."  Kieth acknowledges, however, that her attorney "did an extensive survey of TCPA cases where good cause was contested on appeal, and this issue [was] not directly addressed."  We likewise have searched for authorities to support Kieth's sweeping proposition and have found none.

such matters of form control the nature of the order itself—it is the character and function of an order that determine its classification."); *Chapa v. Chapa*, No. 04-12-00519-CV, 2012 WL 6728242, at *5 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (mem. op.) ("Our interlocutory jurisdiction is controlled by the substance and function of an order, viewed in the context of the record, not the title or form of the order or the parties' characterization of the order.").

Even if we looked past the title of the Motion for Extension—"Motion for Extension of Time to File TCPA Motion"—the substance and function of the Motion for Extension reflect that its purpose was to request leave from the trial court to file an untimely TCPA motion to dismiss. In this regard, the Motion for Extension opens with the phrase, "Now comes [Kieth] and files this motion for an extension of time to file a TCPA motion to dismiss in the above-numbered cause, and would show as follows." The body of the Motion for Extension contains arguments for why "good cause exists" to allow the extension of time to file the TCPA motion to dismiss. Finally, in the prayer, Kieth "asks leave to file a TCPA Motion to Dismiss." Thus, after looking at the substance and function of the Motion for Extension, we conclude that its substance and function match its form—namely, the Motion for Extension seeks leave to file an untimely TCPA motion to dismiss not the actual dismissal of the defamation action on TCPA grounds.

The substance and function of the Order likewise match the form of the Order. In this regard, the Order states, in pertinent part, "The Court, after

6

considering the Motion to Extend Time finds that the motion should be DENIED. IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Extend Time is hereby DENIED." In short, the substance and function of the Order reflect that the trial court was denying a motion for extension of time to file a TCPA motion to dismiss, not that the trial court was denying a TCPA motion to dismiss. We thus reject Kieth's argument that there is a case-law basis for our jurisdiction over this appeal.

Finally, we turn to Kieth's alternative argument that, should we find that we lack jurisdiction over her appeal, we should construe her appeal as a petition for writ of mandamus, thus invoking our original jurisdiction. Even if we were to construe Kieth's appeal as a mandamus proceeding, we would deny relief. *See In re Noteboom*, 111 S.W.3d 794, 797 (Tex. App.—Fort Worth 2003, orig. proceeding) ("Mandamus is an extraordinary remedy available only in limited circumstances to correct a clear abuse of discretion or the violation of a duty imposed by law when the relator has no adequate remedy by appeal."); *see also* Tex. R. App. P. 52.8(a).

Because we have no basis for jurisdiction over Kieth's appeal, we grant Wilkes's motion to dismiss and dismiss this appeal for want of jurisdiction.[4] *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195, 200.

---

[4]In her motion to dismiss the appeal, Wilkes asks that we assess attorney's fees against Kieth for filing a frivolous appeal. We deny that request.

## IV. CONCLUSION

We dismiss Kieth's appeal and deny any alternatively pleaded mandamus relief.

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 16, 2024